UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JASMINE PAUL SANCHEZ, | Case No. 3:21-cv-00475-MMD-CLB |
|---|---|
| Plaintiff, | SCREENING ORDER ON FIRST AMENDED COMPLAINT |
| v. | |
| SANDRA ROSE, | |
| Defendant. | |

**I.   SUMMARY**

Plaintiff Jasmine Paul Sanchez, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a first amended civil rights complaint ("FAC") pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis*. (ECF Nos. 4, 9.) The Court now grants the application to proceed *in forma pauperis* and screens Plaintiff's FAC under 28 U.S.C. § 1915A.

**II.   IN FORMA PAUPERIS APPLICATION**

Plaintiff's application to proceed *in forma pauperis* is granted*.* (ECF No. 4.) Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**III.   SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is

immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## IV.    SCREENING OF FAC

On March 14, 2022, the Court issued a screening order dismissing the Complaint without prejudice with leave to amend because Plaintiff failed to state a colorable claim for denial of access to the courts against Defendant Ely State Prison ("ESP") Law Library Supervisor Sandra Rose. (ECF No. 6 at 4-5.) The Court granted Plaintiff leave to file an amended complaint to demonstrate that Rose caused him actual injury in a non-frivolous direct criminal appeal, habeas corpus proceeding, or § 1983 action. (*Id.* at 4.)

In his FAC, Plaintiff again sues Defendant Rose for events that took place while Plaintiff was incarcerated at ESP. (ECF No. 9 at 1-2.) Plaintiff brings one claim and seeks monetary relief. (*Id.* at 8-9.)

Plaintiff alleges the following. Ever since 2016, Rose has denied "next to all" of Plaintiff's legal requests including legal paperwork, legal supplies, legal documents, and a simple request of a list of courts. (*Id.* at 3.) By denying Plaintiff's requests, Rose caused Plaintiff's cases to be dismissed with prejudice even when he was trying to request notices of appeal. (*Id.* at 9.) Rose denied Plaintiff's requests knowing that Plaintiff would be charged and would not be able to refile complaints in 3:18-cv-373-MMD-WGC, 3:19-481-MMD-WGC, and 3:21-cv-292-MMD-CLB. (*Id.*) Without Rose providing Plaintiff's requests, there was no way for Plaintiff to get the proper legal papers to file appeals, habeas corpus cases, or criminal appeals. (*Id.*) Plaintiff made requests for legal documents for pending cases, but Rose denied him and now those cases are dismissed with prejudice. (*Id.*) Rose denied Plaintiff access to the courts. (*Id.*) Rose denied Plaintiff's request for an application to proceed *in forma pauperis* and then the Court denied Plaintiff's case with prejudice because he did not meet the deadline. (*Id.*) Plaintiff alleges denial of access to the courts. (*Id.*)

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *See id*. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 348. Delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Id*. at 362. The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *See id*. at 353 n.3, 354-55.

The Court finds that once again Plaintiff fails to allege a colorable denial of access to the courts claim against Defendant Rose. Plaintiff's allegations are vague and conclusory and do not demonstrate how Rose's actions caused Plaintiff actual prejudice

in a non-frivolous direct criminal appeal, habeas corpus proceeding, or § 1983 action. Plaintiff seems to argue that Rose did not give him a form to file a notice of appeal causing the district court to dismiss his cases with prejudice. However, a district court's dismissal is separate and distinct from Plaintiff's desire to file a notice of appeal. Thus, even if Plaintiff could not get a form notice of appeal from Rose, this would not have caused the district court to dismiss Plaintiff's cases with prejudice.

Additionally, with respect to the three specific § 1983 cases that Plaintiff identifies, the Court takes judicial notice that Plaintiff did file notices of appeal in two of those cases. *See Sanchez v. Ely State Prison*, 3:18-cv-00373-MMD-WGC (appeal denied by Ninth Circuit as frivolous); *Sanchez v. Ely State Prison et al*, 3:21-cv-00292-MMD-CLB (appeal pending before the Ninth Circuit). Although Plaintiff did not file an appeal in *Sanchez v. Homan et al*, 3:19-cv-00481-MMD-WGC, there are no allegations demonstrating how Rose prevented him from pursuing an appeal. Although Plaintiff states that she did not give him a form, Plaintiff is not required to file a notice of appeal on a certain form and, thus, not having a notice of appeal form would not prevent Plaintiff from filing an appeal. *See* Fed. R. App. P. 3(c)(1) (describing the contents of a notice of appeal); Fed. R. App. P. 3(c)(7) (stating that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal"). As such, Plaintiff cannot demonstrate that Rose caused actual injury in any of his cases.

Because Plaintiff again fails to demonstrate that Rose caused actual injury in his cases, the Court dismisses the FAC with prejudice for failure to state a claim and without leave to amend because amendment would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (leave to amend not required when the plaintiff was previously allowed to amend but failed to correct identified deficiencies).

V.   **CONCLUSION**

It is therefore ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) without having to prepay the full filing fee is granted. Plaintiff will *not* be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to

28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of *Jasmine Paul Sanchez, #1148512* to the Clerk of Court, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court will send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

It is further ordered that the operative complaint is the FAC (ECF No. 9).

It is further ordered that the FAC (ECF No. 9) is dismissed with prejudice in its entirety for failure to state a claim and without leave to amend because amendment would be futile.

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would *not* be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED THIS 16th Day of May 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE